S04A0584. McGUIRE PROPERTIES, INC. v. BYERS et al.
(598 SE2d 500)

HINES, Justice.

McGuire Properties, Inc. appeals from an order of the trial court granting an interlocutory injunction, and from the "Further Order of Interlocutory Injunction," granted the same day.[1] For the reasons that follow, we affirm.

On March 14, 2002, David and Sharon Byers ("the Byers") entered into an agreement to buy a lot in a subdivision from a developer, for the construction of a house thereon. On April 5, 2002, McGuire Properties, Inc. ("McGuire"), obtained a promissory note and a security deed from the developer which encompassed various lots in the development, including the Byers' lot. On April 29, 2002, twelve days before the Byers closed on their property, McGuire recorded its security deed.[2] The developer went into default, and McGuire advertised the Byers' lot for foreclosure.

---

[1] The substance of the orders is not at issue; the only enumerations of error assert procedural infirmities.

[2] The Byers contend that they had no notice of the McGuire security deed, as a record search even on the date of their closing would not have revealed its existence, due to a backlog of filings in the Superior Court of Fulton County.

On July 30, 2003, the Byers and their lender filed a complaint against McGuire and other parties, advancing a variety of claims and seeking various relief, including cancellation of McGuire's security deed. They also filed a separate "Emergency Motion for Temporary Restraining Order and Interlocutory Injunction." The case was assigned to Superior Court Judge Kenneth Nix. On August 1, 2003, Senior Judge Watson White granted a temporary restraining order preventing McGuire from selling the property in August; this order was consented to by McGuire. The Byers continued to seek an interlocutory injunction, and Senior Judge Conley Ingram issued a rule nisi scheduling the parties' hearing for August 15, 2003; on that date, Senior Judge White heard the motion and granted the interlocutory injunction. Shortly thereafter, the court reconvened and entered a "Further Order of Interlocutory Injunction," specifically enjoining McGuire from "selling or otherwise disposing of any interest in the Property or in the McGuire Security Deed."

1. Senior Judges Ingram and White acted in this case pursuant to OCGA § 15-1-9.1 (b) (2) (D). McGuire contends that they thus acted as superior court judges without being elected to that position. See Ga. Const. of 1983, Art. VI, Sec. VII, Par. I. But see Ga. Const. of 1983, Art. VI, Sec. I, Par. III. However, in the court below, McGuire did not object to, or raise any question concerning, the senior judges' appointments to exercise authority over the case, and the issue is not preserved for appellate review. *Troncone v. Troncone*, 261 Ga. 662, 663 (3) (409 SE2d 516) (1991).

2. McGuire contends that the "Further Order of Interlocutory Injunction," with its prohibition on the transfer of McGuire's interest in the property and security deed, was entered without McGuire having notice or an opportunity to be heard, and represents "grave misconduct by both counsel and judge." This contention is belied by the record. McGuire's counsel was present for the hearing at which the court declared it would grant the injunction. According to counsel's statements during oral argument before this Court, minutes after argument, counsel for the Byers presented an order to the clerk for filing, which counsel for McGuire saw, and to which counsel for McGuire objected. The court then reconvened the hearing, and the transcript clearly shows that McGuire participated in argument concerning whether the grant of an interlocutory injunction against the transfer of McGuire's interest in the security deed was procedurally proper. The trial court determined it was, and entered the "Further Order of Interlocutory Injunction," after declaring it would do so to preserve the status quo. Counsel for McGuire specifically objected to this ruling. However, the court was correct; the request for injunction sought "preservation of the status quo," which is the

essential purpose of an interlocutory injunction. See *State Farm &c. Ins. Co. v. Mabry*, 274 Ga. 498, 509 (5) (556 SE2d 114) (2001).

3. The Byers' motion for the imposition of a sanction for frivolous appeal is hereby denied.

*Judgments affirmed. All the Justices concur.*

DECIDED JUNE 28, 2004.

*Proctor & Chambers, Robert J. Proctor*, for appellant.

*Beloin & Associates, Frederic S. Beloin, Kyler L. Wise, Heyman & Sizemore, William B. Brown, Jacqueline Marcucci, Foltz & Martin, Mitchell S. Rosen, Siegel & Golder, Lynn L. Carroll, Cohen, Pollock, Merlin, Axelrod & Small, Mark S. Marani*, for appellees.